## HOLMES v. REDWINE.

1. If H., after signing as surety a number of promissory notes executed by various persons and payable to R., gave his own promissory notes to R. for the amount of all the other notes, in consideration of a promise by R. to release H. from all liability thereon, and also of an express contract by R. to diligently collect the notes on which H. was surety, or sue the same to judgment for H.'s benefit, the latter, in defense to an action against him by R. upon one of the notes last given, could set up that R. did not perform his contract, and that in consequence of his failure to do so H. sustained damage by reason of the fact that the makers of the notes originally given had become insolvent.

2. H. could also set up in defense to such action that R. had actually made collections upon the notes originally given, and could set off the amount of such collections against the plaintiff's demand.

3. The court erred in striking on general demurrer the defendant's special pleas, which in substance set up the defenses above indicated.

Argued December 7, 1897. — Decided January 10, 1898. :

Complaint on note.   Before Judge Lumpkin.   Fulton supe-- rior court.   March term, 1897.

*T. C. Battle* and *W. I. Heyward*, for plaintiff in error.
*Arnold & Arnold*, contra.

LUMPKIN, P. J.   An action was brought in a justice's court by Redwine against Holmes upon a promissory note.   The defendant filed a plea, and the case went by appeal to the superior court.   The plaintiff then filed a general demurrer to the plea.   Thereupon the defendant filed an amendment to the same, to which the plaintiff also demurred generally, and the court passed an order striking the original plea and the amendment, and then directed a verdict for the plaintiff.   The question for determination is whether or not the plea as amended set up any valid defense to the plaintiff's action.   This plea in substance alleged:   Holmes had become surety to Redwine upon a number of promissory notes executed and delivered to the latter by various persons.   After some negotiation, Holmes had given his own promissory notes, one of which was that now sued upon, to Redwine for the amount of all the notes upon which Holmes was liable as surety, and, in consideration of his so doing, Redwine distinctly promised and agreed, not

only to release Holmes from all liability upon these original notes, but also to diligently collect the same, or sue them to judgment for the benefit of Holmes, Redwine also undertaking to pay over to Holmes all amounts collected on these original notes. Redwine entirely failed to perform this contract, and the principals upon these notes became insolvent, whereby damage resulted to Holmes. Redwine had, however, actually made upon the notes last referred to divers collections of money, which he failed and refused to pay over to Holmes as agreed.

The defense thus made was, in our opinion, meritorious. The plea may to some extent have been lacking in details, but it was good in substance, and therefore ought to have withstood a general demurrer. Assuming as true the allegations of the plea as it stood, it appears that Holmes became primarily liable to Redwine as a principal upon an indebtedness for the payment of which he had merely been a surety. The consideration of this new undertaking on the part of Holmes was, that he was to be released from his obligation as surety, and Redwine was to collect with all diligence the old notes for the benefit of Holmes. This he failed to do, and the other parties becoming insolvent, Holmes was deprived of this source of reimbursement. It must be borne in mind that this is not a case wherein mere forbearance to sue or press with vigor the collection of an instrument upon which another is surety does not discharge the latter; for Redwine's express contract was to diligently collect the old notes, or at least sue them to judgment in order that they might become productive, and their proceeds be made available to Holmes; and Redwine's failure to perform this contract resulted directly in loss and damage to Holmes. It is obviously true that the money collected by Redwine on the old papers ought to have been applied as a set-off in favor of Holmes on the trial of the present action. The court erred in striking the special pleas, and there should be another trial, so that Holmes may, if he can, prove their averments.

*Judgment reversed. All the Justices concurring.*